[No. 25690. Department Two. December 13, 1935.]

EDWARD JOHNSON, *Respondent,* v. FRED OWEN *et al., Appellants.*[1]

*Chas. A. Johnson,* for appellants.

*Chas. T. Borg,* for respondent.

BLAKE, J.—In his original complaint, plaintiff set up three causes of action on three promissory notes executed by defendant: (1) A note for $99, dated May 5, 1927, payable to John C. Rainier in sixty days; (2) a note for $527.17, dated July 12, 1930, payable to

[1]Reported in 52 P. (2d) 302.

plaintiff in sixty days; (3) a note for $1,244.93, dated September 22, 1931, payable to plaintiff in one year.

The defendant answered, admitting execution of the notes and setting up payment. He alleged that the notes arose out of farming operations he had undertaken under a lease from plaintiff on certain land in Douglas county. He alleged that, during the farming operations, there had been a running account between himself and plaintiff, and that there were certain credits to which he was entitled that would more than offset the amount due on the notes. He prayed for an accounting and judgment for such balance as might be found due him.

Thereupon, the plaintiff filed an amended complaint, in which he set up seven causes of action: Three were on the notes set up in the original complaint. The fourth was on a note for $913, dated August 30, 1929, payable to plaintiff one year after date. The fifth was on a note for $1,700, dated September 17, 1929, payable to plaintiff one year after date. In the sixth cause of action, plaintiff alleged that defendant was required, under the lease, to plow, summer fallow and harrow the land; that he failed to do so, to plaintiff's damage in the sum of two thousand dollars. The seventh cause of action was for the balance of $1,805.02, on an open account.

Defendant answered, denying the allegations of the sixth and seventh causes of action, admitting execution of the notes, alleging payment, and demanding an accounting. The cause proceeded to trial as an accounting case.

The court made findings to the effect that defendant executed and delivered the promissory notes set up in the complaint, and that plaintiff was the owner and holder of them. The court further found that defendant was entitled to credits on account of real estate

and personal property delivered to plaintiff in an amount

" . . . equal in value to the principal and interest represented by the aforesaid note for $913, dated August 30, 1929, plus the amount of principal and interest of the note for $1,700, dated September 17, 1929, and any claims the plaintiff had against the defendant on book account."

The court found that the defendant was entitled to a further credit of $350, on account of farm machinery delivered to plaintiff. Findings were then made that plaintiff was entitled to recover: (1) $61.32 (balance due on the $99 note), with interest and an attorney's fee of $30; (2) $527.17, on the note of July 12, 1930, with interest and an attorney's fee of $70; (3) $1,-244.93, on the note dated September 22, 1931, with interest and an attorney's fee of one dollar.

Judgment was entered for the plaintiff in the sum of $2,304.44. Defendant appeals. With a single exception, which will be considered after a review on the merits, the appeal presents questions of fact only.

It is to be observed that the court made no specific findings as to what were the credits to which plaintiff was entitled, "equal in value" to the amounts due on the book account and the $913 and $1,700 notes. Nor was there any finding made as to the amount due on the book account. The inherent difficulties in making specific findings in these respects are apparent from an examination of the record. For the appellant kept no records, and those kept by respondent are of doubtful value, to say the least.

Appellant apparently started out on the theory that each of the notes (other than the $99 note) represented the balance due from him to respondent as of the date of the new note. There was evidence to sustain findings on this theory, had not appellant himself abandoned it. Upon that theory, respondent would have

been entitled to judgment for $1,244.93 and interest on the note of September 22, 1931. But appellant was not willing to accept the consequences of this theory. He claimed credits against this note in an amount that would have made a balance in his favor. The appellant having abandoned the theory, the court was fully warranted, under the record, in finding to the contrary, namely, that each note remained an outstanding obligation of appellant. For this was the theory maintained by respondent and sustained by his evidence.

The only question, therefore, is whether the balance struck by the court is correct. The total credits claimed by appellant on appeal amount to $4,868. This consists of the following items: Caterpillar tractor and combine, $2,950; (2) house and lots conveyed to respondent, $550; (3) summer fallowing in 1930, $750; (4) farm equipment turned over to respondent, $345; (5) earnings of caterpillar tractor, $273. Now, the court in its judgment allowed credit for $350 against the amount due on the $99, the $527.17 and the $1,244.93 notes. So that the total amount of credits to be offset against the book account and the $913 and $1,700 notes is $4,518.

The amount due on the $913 and $1,700 notes was $4,352.42; so that there was left over, to be applied on the book account, $165.58. While no specific finding was made as to the amount due on the book account, the only inference that can be drawn from the finding made was that there was a sufficient balance due on the book account to absorb whatever balance of credit there might be after offsetting the credits to the amounts due on the $913 note and the $1,700 note.

While the integrity of the book account may be questionable, we are satisfied from the evidence that there was considerably more than $165.58 due respondent on that cause of action. And the finding is broad enough

to sustain the judgment to that effect. Being of the view, therefore, that the findings support the judgment, and that the evidence does not preponderate against the findings, the judgment must be affirmed, unless the court committed error in respect to the matter now to be discussed.

■ Several weeks after the case had been submitted for decision, the trial court filed a memorandum opinion, in which attention was called to an alteration which had, at some time, been made in the $1,244.93 note, dated September 22, 1931. As offered in evidence, the note provided that interest should run from *September 22, 1930*. From an examination of the note, it is apparent that an erasure had been made where this date appeared. A few days after the memorandum opinion was filed, appellant made a motion to reopen the case, for the purpose of showing that the alteration had been made subsequent to the execution of the note and without his knowledge or consent. The court denied the motion.

It is conceded that the motion was addressed to the sound discretion of the court, but it is contended that the court, in denying the motion, abused its discretion. We do not think so. The note was set out *in haec verba* in both the complaint and amended complaint. As so set out, it provided for interest from *September 22, 1930*. Appellant, in his answer, both to the complaint and amended complaint, admitted execution of the note as set out.

While counsel for appellant asserts the note was admitted in evidence without being submitted to him for examination, it was admitted without objection. Furthermore, it would appear from the record that counsel had the note in his hands at least once during the trial, for he cross-examined respondent extensively about it. Preliminary to one question, he stated:

"You seem to have a note here for the identical amount of $1,244.93, dated September 22, 1931." Pursuing the cross-examination, he asked: "This note represents this balance of $1,244.93 on your December 31, 1930, statement, doesn't it?"

In view of these facts, we think the trial court acted well within its discretion in denying the motion to reopen the case.

Judgment affirmed.

STEINERT, HOLCOMB, MAIN, and BEALS, JJ., concur.